FILED
SUPERIOR COURT
OF GUAM

2019 FEB 13 PM 4: 09

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

                Plaintiff,

        v.

NORBERT GUZMAN VAZCONES,
DOB: 10/10/1987

                Defendant.

Case No. CF0397-17

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 02, 2019 for a hearing upon a submission by the People of Guam of a Motion to Amend the Indictment. The People are represented by Assistant Attorney General Brycen Breazeale and the Defendant Norbert Vazcones ("Defendant") is represented by the Assistant Public Defender Rocky Kingree. After considering the People's submission and the applicable law, the Court issues its Decision and Order.

## BACKGROUND

The Defendant was charged with an assortment of Driving While Under the Influence of Alcohol, Leaving the Scene of an Accident, and Reckless Driving Charges. (Indictment, Jul. 24, 2017). The second charge of the indictment reads "On or about the 13th day of July 2017, in

Guam, NORBERT GUZMAN VAZCONES did commit the offense of *Leaving the Scene of an Accident with Injuries (As a 3rd Degree Felony)*, in that he did operate a vehicle, a *2007 Ford Ranger truck . . ."* *Id.* at 2. The fifth charge of the indictment reads that "On or about the 13th day of July 2017 . . . NORBERT GUZMAN VAZCONES struck a *2007 Ford Ranger truck* belonging to *CALPAC (California Pacific Tech) . . ."* *Id.* at 2-3. In December 2018, the People filed their Motion to Amend the Indictment, seeking to change the vehicle description in the second charge of the indictment. (People's Mot. Amend Indictment, Dec. 10, 2018). The Defendant did not file an opposition. On January 02, 2018 the Court heard the motion and took the matter under advisement. (Minute Entry, Jan. 02, 2018).

## DISCUSSION

The People request that they be allowed amend the description of the vehicle in the second charge of the indictment from "2007 Ford Ranger truck" to "2016 Black Mazda 6." (People's Mot. Amend Indictment at 1-2). This Court is may permit the prosecution to amend the indictment at any time before a verdict or finding is made, so long as the amendment does not charge an additional or different offense or prejudice the defendant's substantial rights. 8 GCA § 55.20. Here, the People are not seeking to charge an additional offense in the indictment, but to merely fix a typographical error. (People's Mot. Amend Indictment at 4). Therefore, the Court's inquiry is whether the typographical change amounts to the charging of a different offense and whether the change will affect the Defendant's substantial rights. 8 GCA § 55.20.

A change in the language of the indictment amounts to the charging of a different offense, when the change is one of substance rather than form. *People v. San Nicolas*, 2013 Guam 21 ¶ 16. Generally, an amendment is substantive where it materially alters or adds essential elements of a crime. *See id.* ¶ 3, 6, 25 (court permitting the prosecution to amend the

indictment to include "[defendant] was a member of the same household as the victim" was reversible error because the change amounted to the charging of a crime different than the crime charged by the grand jury); *People v. Campbell*, 2006 Guam 14 ¶ 17 (amending the date to one that was reasonably near the date alleged in the indictment is permissible when time is not an essential element of the crime). The elements the People must prove beyond a reasonable doubt for the Second Charge of Leaving the Scene of an Accident with Injuries (as a Third Degree Felony) are: 1) the Defendant was the operator of a vehicle; 2) that was involved in an accident; 3) that resulted in death or injury to a person; and, 4) did not immediately stop at the scene of the accident. 16 GCA § 3501(a) and (f). The make and model of the vehicle is not an essential element of the crime charged; the People need only prove that the Defendant was operating a vehicle, and the type of vehicle is immaterial. 16 GCA § 3501(a). As such, the People's proposed amendment does not charge a different crime, and we now turn to whether the amendment will prejudice the Defendant's substantial rights. *People v. Diaz*, 2007 Guam 3 ¶ 17 (citing *People v. Salas*, 200 Guam 2 ¶ 13) (Analyzing prejudice to the Defendant's rights is necessary even where the amendment does not charge an additional or new offense).

The test of whether an amendment will prejudice the Defendant's substantial rights is: "whether a defense under an indictment as it originally stood would be equally available after the amendment is made, and whether any evidence the defendant might have would be equally applicable to the indictment in the one form as in the other." *Id.* (quoting *United States v. Fawcett*, 115 F.2d 764, 767 (3rd Cir.1940)). Here the amendment in the make and model of the vehicle the Defendant was allegedly driving does not place the Defendant in a different or worse position than he enjoyed before the amendment. The Defendant does not lose any defense by the change in make or model, and may still argue that he was not operating the vehicle or was

not in an accident. In addition, the amendment should not come as a surprise to the Defendant, as the police reports and magistrate's complaint allege that the Defendant was operating a black Mazda 6, and that the Mazda 6 struck a white Ford Ranger truck and a person. (Magistrate's Complaint at 3, Jul. 14, 2017). It appears that the mention of the Ford Ranger truck in the second charge of the indictment was a simple clerical error stemming from the two vehicles involved in the alleged incident. Therefore, we find that the amendment from "2007 Ford Ranger truck" to "Black 2016 Mazda 6" in the second charge of the indictment will not prejudice the Defendant's substantial rights. Accordingly, the Court will permit the People to amend the indictment as requested.

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's Motion to Amend the Indictment. The Court will hold a pre-trial conference for this case on February 19, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 13th day of February, 2019.



**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of
AG  PDSC
Date: 2/13/19  Time: 4PM
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**